UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERACTIVE CONTENT ENGINES, LLC,

     Plaintiff,

v.                                 Case No: 8:22-cv-1949-KKM-AEP

RUMBLE USA, INC. and RUMBLE, INC.,

     Defendant.

_____

## ORDER

Plaintiff Interactive Content Engines, LLC, (ICE) filed suit against Rumble USA, Inc., and Rumble, Inc., alleging patent infringement based on the Defendants' alleged use of a video streaming framework. *See* Compl. (Doc. 1.) Rumble, Inc., and Rumble USA, Inc., filed an answer asserting several affirmative defenses and two counterclaims: one for noninfringement and one for invalidity of ICE's patents. *See* Am. Answer (Doc. 33). ICE moves to strike four of the Defendants' affirmative defenses as immaterial or insufficiently pleaded, and to dismiss both counterclaims as insufficiently pleaded. *See* Mot. to Dismiss & Strike (Doc. 42). Because Defendants' affirmative defendants are neither frivolous nor invalid and Defendants' counterclaims sufficiently state a claim, the Court denies ICE's motion.

## I.   BACKGROUND

ICE is a technology company that develops "systems operable to efficiently store, retrieve, and rapidly transfer large volumes of data to devices over a network without the need for specialized equipment." Compl. ¶ 13. ICE invented "systems and methods for content storage and delivery" that can be used for "video-on-demand ('VOD') services, live streaming of content, and the like." *Id.* ¶ 14. ICE claims that its systems use "less costly, commodity components rather than specialized equipment," and thus its "innovations have become widely used by providers of VOD, audio on demand, and live streaming services." *Id.* ¶¶ 13–14. ICE owns U.S. Patent Number 7,437,472 (the '472 Patent) for an "interactive broadband server system" and U.S. Patent Number 7,644,136 (the '136 Patent) for a "virtual file system." *Id.* ¶ 11.

Rumble, Inc., operates an online video platform to which users may upload content. Am. Answer at 7. Rumble USA, Inc., alleges that it has never owned or operated an online video platform. *Id.* ICE alleges that the Defendants' interfaces depend upon a "backend content delivery network" that "stores, retrieves, and delivers video content to users." Compl. ¶ 27. Because Defendants "boast[] an average of nearly 32 million monthly users," ICE alleges that they use a "chunked storage of media files" to accommodate the high demand. *Id.* ¶ 31. ICE further alleges that this "chunk and sub-chunk storage, retrieval, and delivery" system was "developed by ICE" and is being used without ICE's permission.

*Id.* ¶¶ 25, 40. Rumble, Inc., alleges that it does not use ICE's patented system. *See* Am. Answer at 14.

In September 2021, ICE sent a letter to Rumble USA, Inc., alleging that it was infringing one or more claims of ICE's patents by hosting and delivering "user generated videos through its website, embedded video player, and its mobile application." Mot. to Dismiss & Strike at 2–3; Compl. ¶ 40. ICE claims this letter was meant to "invite a licensing discussion to resolve ICE's claims without litigation," and that Rumble USA, Inc., "did not respond to the letter." *Id.*; Compl. ¶ 40. ICE alleges that it sent a second letter to Rumble USA, Inc., in November 2021, which Rumble USA, Inc., "ignored." Compl. ¶ 40. Rumble USA, Inc., claims that it responded to the first letter in October 2021, insisting that it had "no prior knowledge" of any ICE patents and that ICE was incorrect that Rumble USA, Inc., was using ICE's innovations. Am. Answer at 30. ICE appears to concede in its Motion to Dismiss that Rumble USA, Inc., responded to its initial letter. *See* Mot. to Dismiss & Strike at 6.

ICE filed a complaint in August 2022 alleging two counts of infringement. *See* Compl. Defendants jointly filed an Amended Answer in November 2022 alleging eight affirmative defenses and two counterclaims. *See* Am. Answer. ICE moves to dismiss the counterclaims and strike four of the affirmative defenses. For the reasons stated below, the Court denies ICE's motion.

## II.   LEGAL STANDARDS

### A. Affirmative Defenses

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). In other words, a defense that "points out a defect in the plaintiff's prima facie case is not an affirmative defense"—even if the defendant labels it as one. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999) (Middlebrooks, J.)); *see also Belmer v. Ezpawn Fla., Inc.*, 8:20-cv-1470-T-33SPF, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that

a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (quotation omitted)).

Thus, an affirmative defense is "insufficient as a matter of law" only if (1) it is patently frivolous on its face or (2) it is clearly invalid as a matter of law. *Belmer*, 2020 WL 7419663, at *1. An affirmative defense is sufficient to overcome a motion to strike if it "puts into issue relevant and substantial legal and factual questions." *Id.*; see also *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Kovachevich, J.) ("[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.").

## B. Counterclaims

To survive a motion to dismiss, a complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, a counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a motion to dismiss, the court accepts all factual allegations of the complaint or counterclaim as true and construes them in the light most favorable to the pleader. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.   ANALYSIS

ICE moves to strike three of Rumble's affirmative defenses because they are "immaterial" or insufficiently pleaded. *See* Mot. to Dismiss & Strike at 5. ICE further moves to dismiss Rumble's counterclaims for failure to state a claim because they lack adequate specificity. ICE argues that the counterclaim for noninfringement fails to allege a factual basis and that the counterclaim for invalidity has no grounds and pleads no specifics. *See id.* at 9–10.

### A. Affirmative Defenses

Rumble raises eight affirmative defenses in its First Amended Answer. Relevant here, in its third, fourth, fifth, and sixth defenses, Rumble alleges estoppel, laches, third-party infringement, and nonoperation of an online video platform. *See* Am. Answer at 24–26. The Court will address Rumble's third and fourth affirmative defenses individually, and Rumble's fifth and sixth affirmative defenses together.

###### 1.    Estoppel

Equitable estoppel in a patent infringement case requires a party to prove "(1) the [patentee] . . . communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct." *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004) (brackets in original, ellipsis added) (quoting *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992)). Defendants allege that ICE's "claims are barred by the equitable doctrine of Estoppel" because Rumble USA, Inc., relied to its detriment on ICE's failure to respond to the letter denying infringement. Am. Answer at 24. Defendants allege that because ICE did not respond and waited ten months to sue, Rumble USA, Inc., relied on ICE's silence in assuming that no litigation was impending. Opp'n to Mot. to Dismiss & Strike (Doc. 48) at 12.

ICE argues that Defendants fail to properly plead estoppel because Rumble USA, Inc., admits to receiving ICE's letter, yet "ignores these direct, unambiguous statements which forcefully convey ICE's intent to litigate its claims, if necessary." Mot. to Dismiss & Strike at 6. ICE cites *Vanderlande* and contends that its letter is the type of statement of intent that has been held to be "precisely the *opposite* of the sort of conduct needed to give

rise to equitable estoppel." *Id.* (quoting *Vanderlande*, 366 F.3d at 1325) (emphasis added). ICE asserts that after receiving Rumble USA, Inc.,'s letter asserting that Rumble USA, Inc., had "no need for or interest in acquiring a license to the ICE patents," it proceeded with litigation. Mot. to Dismiss & Strike at 6–7. ICE further argues that Defendants fail to plead harm or detrimental reliance based on the delay in sending the first letter and the commencement of this action. *Id.* at 7. Thus, ICE concludes, the estoppel "defense is incurably insufficient" and should be stricken. *Id.* at 8.

While district courts in this circuit are divided on the question of whether Rule 8(a)(2)'s factual pleading requirements apply to affirmative defenses, the Court is persuaded that affirmative defenses need not meet Rule 8(a)(2)'s pleading requirements. *See Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021) (Mizelle, J.). Thus, the Court will strike an affirmative defense only if patently frivolous on its face or clearly invalid as a matter of law. *Belmer*, 2020 WL 7419633, at *1. But Defendants' third affirmative defense is neither patently frivolous nor invalid as a matter of law. At the pleading stage, Defendants need not provide "elaborate factual detail" or prove equitable estoppel. Opp'n at 13. Thus, ICE's motion to strike Defendants' third affirmative defense is denied.

## 2.      Laches

To prevail on a laches defense, a defendant must prove that the plaintiff delayed in bringing suit and "(1) that the delay was unreasonable or inexcusable;" and "(2) that the defendant has suffered injury or prejudice as a result of the delay." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1326 (5th Cir. 1980). Defendants allege that they were "prejudiced by [ICE's] delay" in filing suit, because they had "no prior knowledge of the existence" of the patents due to ICE's failure to label its products with identifying information. Am. Answer at 25. ICE argues that "[l]aches is not a defense to claims of patent infringement" because of 35 U.S.C. § 286, which provides that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Mot. To Dismiss & Strike at 8. And according to *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 580 U.S. 328, 346 (2017), "[l]aches cannot be interposed as a defense against damages where the infringement occurred within the period prescribed by § 286." *Id.* But Defendants respond that the alleged infringement does not fall within the period prescribed by § 286, so laches is an appropriate defense. Opp'n at 13.

Like ICE's previous argument to strike Defendants' affirmative defense, this too fails. Although *SCA Hygiene* bars recovery under laches for infringement suits filed within the statute of limitations, Rumble sufficiently alleges a defense of laches because ICE may

have known or should have known about the infringement more than six years ago and unreasonably delayed in filing suit. It is sufficient that Rumble has alleged it and put ICE on notice of its plan to pursue the defense. Rumble's fourth affirmative defense does not fail as a matter of law, nor is it frivolous. ICE's motion to strike the fourth affirmative defense is denied.

### 3.    Third-party infringement & Operation of Online Platform

Defendants allege in their fifth and sixth affirmative defenses that they do not control the entities that allegedly infringed ICE's patents, and Rumble USA, Inc., does not even operate an online video platform. Am. Answer at 26. ICE argues that it alleges "direct infringement by only Rumble[, Inc. and Rumble USA, Inc.,]" and that these affirmative defenses are therefore "immaterial" and should be stricken. Mot. to Dismiss & Strike at 8–9. Rumble, Inc., and Rumble USA, Inc., respond that they invoked these defenses to highlight deficiencies in the complaint. Opp'n at 15. Defendants further urge the Court to treat these affirmative defenses as denials rather than strike them "because [they] allege[] defects in Plaintiff's prima facie case." *Id.*

Defendants admit that these "affirmative defenses" "point[] out a defect in the plaintiff's prima facie case." *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349. Defendants' allegation that a third party controlled the use of the alleged infringing systems would negate an essential element of ICE's claims for infringement. Indeed, if true, ICE's claims

against Defendants would fail because ICE could not prove that Defendants infringed its patents. Similarly, Defendants' allegation that Rumble USA, Inc., does not operate a platform that could infringe ICE's patents would negate ICE's claim of infringement against Rumble USA, Inc.

The appropriate remedy, then, is not to strike the defenses, but rather to treat them as specific denials. *See Kearney v. Valley Nat'l Bank*, No: 21-cv-64, 2022 WL 19754, at *4 (M.D. Fla. Jan. 3, 2022) (Mizelle, J.); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004) ("In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader."); *Patco Transp., Inc. v. Elmo Greer & Sons, LLC*, No. 5:08-CV-13-Oc-10GRJ, 2008 WL 11336278, at *2 (M.D. Fla. July 17, 2008) (Jones, Mag. J.) ("[T]he federal courts 'have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it were correctly labeled.' " (quoting *Currie v. Dollar General Corp.*, No. 1:05-CV-099, 2005 WL 1684161, at *1 (N.D. Fla. July 12, 2005))). ICE's motion to strike Rumble's fifth and sixth affirmative defenses is denied, and Defendants' fifth and sixth affirmative defenses will be treated as specific denials.

11

### B. Counterclaims

Rumble, Inc., and Rumble USA, Inc., bring two counterclaims: one for non-infringement and one for patent invalidity under 35 U.S.C. § 112. The Court addresses each in turn.

#### 1. Noninfringement

Defendants' first counterclaim seeks declaratory relief regarding noninfringement. It alleges that ICE fails to support its allegation of infringement because the complaint does not include a claim chart or comparison of the limitations of Claim 1 of either of the patents-in-suit against the allegedly infringing activity. *See* Am. Answer at 29. The counterclaim further alleges that the allegations in the complaint are "vague" and "conclusory." *Id.* at 30.

ICE argues that this counterclaim fails to state a claim because Defendants fail "to identify a single limitation of any asserted claim that is unmet by the Accused Products." Motion to Dismiss & Strike at 9. But Defendants respond that they need not include such specificity in the counterclaims under the short and plain statement rule. Opp'n at 17–18. Defendants further contend that Rumble, Inc., does not use the alleged framework and Rumble USA, Inc., does not even operate an online video platform, thus Rumble could not have infringed ICE's patents. *Id.* at 18–19.

Declaratory judgment actions require a pleader to show that under all the circumstances, the facts alleged show that there is a substantial controversy between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Determination of infringement (or non-infringement) claims requires a two-step analysis: (1) the court must determine the scope and meaning of the patent claim asserted, and (2) the court must compare the construed claims to the allegedly infringing device or process. *See Apex Inc. v. Raritan Comput., Inc.*, 325 F.3d 1364, 1370 (Fed. Cir. 2003).

ICE argues that this counterclaim fails because Defendants do not allege sufficient facts to state a claim. Mot. to Dismiss & Strike at 9. But Defendants allege that they could not have infringed ICE's patents because they have never used the accused system. *See* Am. Answer at 31. This claim provides ICE with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alterations in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Nothing more is required at the pleading stage. ICE's motion to dismiss Defendants' counterclaim for noninfringement is denied.

### 2. Invalidity Counterclaim

The Defendants also seek a declaration that the patents at issue are invalid under 35 U.S.C. §§ 101, 102, 103, and 112. Am. Answer at 33. Defendants specify that the

13

"interactive broadband server system identified in Claim 1 of the '472 Patent" and the "'virtual file system' identified in claim 1 of the '136 Patent" "recite nothing more than generic computer components and no additional elements are recited in the claims that would create patent eligible subject matter." Am. Answer at 33–34. Defendants allege that they "will provide greater detail regarding the basis or bases for invalidity under these stated provisions after Counter-Defendant has identified each specific claim that is alleged to be infringed." *Id.*

ICE argues that Defendants fail to allege sufficient facts to support invalidity because they merely regurgitate the statutory language and do not clarify which requirement of 35 U.S.C. § 112(b) the patents fail to meet. Mot. to Dismiss & Strike at 10–11. Defendants respond that their counterclaim meets the pleading standards and provides ICE with fair notice.  Opp'n at 20–21.

Like their noninfringement claim, Defendants plead invalidity as an action for declaratory judgment. Here, Defendants allege a number of facts to support their claim for invalidity, including that ICE's alleged patents "recite nothing more than generic computer components," were "in public use, or otherwise available to the public, before the effective filing date," and do not describe patentable inventions because "the differences between the claimed invention(s) and the prior art are such that the claimed invention(s) as a whole would have been obvious, before the effective filing date." Am. Answer at 33–34. District

14

courts have repeatedly held that a simple allegation of invalidity based on a violation of the statute sufficiently provides notice to the opposing party of the claims against it. *See, e.g., Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.,* No. 8:12-cv-691, 2013 WL 247408, at *3 (M.D. Fla. Jan. 23, 2013) (Bucklew, J.) (denying motion to dismiss counterclaims for invalidity based on allegations that the claims failed to "comply with the provisions of 35 U.S.C. §§ 101, 102, 103, or 112" because they gave adequate notice); *Minsurg Int'l v. Frontier Devices, Inc.,* No. 8:10-cv-1589, 2011 WL 1336395, at *3–4 (M.D. Fla. Apr. 7, 2011) (Covington, J.) (concluding counterclaim for invalidity under 35 U.S.C. §§ 102, 103, and 112 with sparse factual allegations was sufficient to survive motion to dismiss). The Court agrees with the reasoning in those opinions and concludes that Defendants too have pleaded sufficient facts to state a declaratory judgment claim for invalidity. ICE's motion to dismiss it is denied.

## IV.   CONCLUSION

Defendants' affirmative defenses are not insufficient as a matter of law, nor are they frivolous. The Defendants' counterclaims also fairly provide ICE with notice of the claims against it. Accordingly, the following is **ORDERED**:

1.   Plaintiff's Motion to Strike Affirmative Defenses is **DENIED**.

2.   Plaintiff's Motion to Dismiss Counterclaims is **DENIED**.

3.      The Court treats Defendants' fifth and sixth affirmative defenses as specific

denials.

**ORDERED** in Tampa, Florida, on May 8, 2023.

Kathryn Kimball Mizelle
United States District Judge